IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEVERLY HAIGES,                          :

     Plaintiff,                        :
                                    Case No. 3:03cv381

vs.                                      :
                                    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL                   :
SECURITY,                                :

     Defendant.                       :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES
AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT
(DOC. #14); JUDGMENT TO ENTER ACCORDINGLY

---

The Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), seeking review of the Defendant's final decision to deny her an award of Social Security disability benefits. The Plaintiff alleged that she had been disabled since April, 2000, due to impaired neck and mental health issues. The Court referred this matter to Magistrate Judge Michael Merz for a Report and Recommendations. Judge Merz recommended that this Court remand this appeal to the Defendant, in accordance with the fourth sentence of § 405(g), in order to clarify an ambiguity in the testimony of the vocational expert. See Doc. #10. The Plaintiff objected to the Report and Recommendations, arguing that this Court should reject that

recommendation, reverse the denial of benefits and remand for the purpose of paying benefits. See Doc. #11. In its Decision of March 14, 2005, this Court sustained Plaintiff's Objections to Judge Merz's Report and Recommendations, reversed the denial of benefits and remanded this matter for the purpose of paying same. See Doc. #12. Judgment was entered thereon. See Doc. #13.

This case is now before the Court on the Plaintiff's request for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Doc. #14. Plaintiff asserts that she is entitled to such an award, since she was the prevailing party in this litigation and because the Defendant's position was not substantially justified. Id. The Defendant has opposed that motion, arguing that his decision to deny Plaintiff the requested award of disability benefits was substantially justified. See Doc. #15. As a means of analysis, the Court will initially address Plaintiff's request for an award of attorney's fees, following which it will turn to her request for an award of costs.

I. Attorney's Fees

With her motion, Plaintiff seeks an award of attorney's fees in the sum of $4,110.70, representing 27.5 hours expended by her counsel to be compensated at the hourly rate of $149.48. The Court begins its analysis by setting forth the standards it must apply whenever it rules upon a request for attorney's fees under the EAJA.

In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of

agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In Delta Engineering v. United States, 41 F.3d 259 (6th Cir. 1994), the Sixth Circuit discussed the requirements for an award under the EAJA:

> Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must <u>not</u> have been substantially justified.

Id. at 261 (emphasis in the original). In Perket v. Secretary of Health and Human Services, 905 F.2d 129 (6th Cir. 1990), the Sixth Circuit elaborated upon the meaning of "prevailing party" in the EAJA:

> Plaintiffs are a "prevailing party" under EAJA "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citations omitted). However, a party's victory need not be obtained by final adjudication of a lawsuit's merits. Rather, "it is enough that the lawsuit acted as a 'catalyst' in prompting defendants to take the desired action. Citizens Coalition for Block Grant v. City of Euclid, 717 F.2d 964, 966 (6th Cir. 1983).

Id. at 132. Herein, it cannot be questioned that the Plaintiff was the prevailing party in an action brought against the Government, given that this Court reversed the denial of benefits and remanded this matter for the purpose of paying benefits.

Normally, the central question in an EAJA application is whether the Government's position in the litigation was "substantially justified." The applicant for an award under the EAJA must allege in her petition that the position of the Government was not so justified. 28 U.S.C. § 2412(d)(1)(B). In <u>Pierce v.</u>

Underwood, 487 U.S. 552 (1988), the Supreme Court said that "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Id. at 565 (internal quotation marks omitted). The Pierce Court explained further that the Government's position would be "substantially justified" if it had a "reasonable basis in both law and fact." Id. (internal quotation marks omitted). See also, Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).[1] The Government has the burden of demonstrating that its position was substantially justified. E.W. Grobbel Sons, Inc. v. National Labor Relations Board, 176 F.3d 875, 878 (6th Cir. 1999); United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997); Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 586 (8th Cir. 1996). In a judicial proceeding in which the denial of Social Security disability benefits is being challenged, the position of the Government is not substantially justified merely because the Magistrate Judge and/or District Court initially agrees with the denial. Howard v. Barnhart, 376 F.3d 551 (6th Cir. 2004). Moreover, the Government's position is not substantially justified in such a dispute, when it defends a denial of benefits which was based upon a selective view of the evidence. Id. Whether the Government's position is so justified is to be determined from the record before the court and that which was before the administrative agency. See 28 U.S.C. § 2412(d)(1)(B).

---

[1] Therein, the Sixth Circuit held that the Government's position to deny disability benefits may be substantially justified, even though the District Court subsequently determined that said decision was not supported by substantial evidence. 868 F.2d at 869-70. Therefore, this Court's reversal of the Defendant's decision to deny benefits does not, in and of itself, mean that the Government's position was without substantial justification.

Plaintiff's claim for disability benefits was heard by an Administrative Law Judge ("ALJ"). The ALJ concluded that, while she had a severe impairment, severe degenerative disc disease of her cervical spine, she was capable of performing both a limited range of light work and her past relevant work as a procurement technician and mail clerk. Thus, the ALJ concluded that Plaintiff was not disabled and denied her the requested award of benefits. The ALJ did not find that Plaintiff's mental condition constituted a severe impairment.

In this lawsuit, the Plaintiff argued that the ALJ erred by failing to find that she had a severe mental impairment. Judge Merz agreed with the Plaintiff and recommended that this Court remand the matter, in accordance with the fourth sentence of § 405(g), in order to permit the ALJ to determine whether she is capable of performing her past relevant work in light of her severe mental impairment. See Doc. #10 at 9-11. In reaching reach those conclusions, Judge Merz focused upon the ALJ's questioning of a vocational expert. That judicial officer concluded that the dialogue between the ALJ and the vocational expert was ambiguous as to whether the Plaintiff could perform her past relevant and that, therefore, the ALJ's finding that Plaintiff could perform her past relevant work was not supported by substantial evidence. Id. The Magistrate Judge recommended that this matter should be remanded to permit the ALJ to address the ambiguity. Id. Ruling on the Plaintiff's objections, this Court agreed with Judge Merz that the decision of the ALJ was not supported by substantial evidence, while parting company with him on the question of whether the testimony of the vocational expert was ambiguous. Doc. #12 at 5. On the contrary, this Court concluded that, rather than the dialogue between the ALJ and vocational expert being

ambiguous, it unambiguously demonstrated that the Plaintiff could not perform her past relevant work. Id.

In opposing the Plaintiff's request for attorney's fees under the EAJA, the Defendant argues that the ALJ was substantially justified in failing to find that her mental condition constituted a severe impairment. See Doc. #15 at 3-4. In particular, the Defendant argues that Dr. Gibeau, Plaintiff's treating psychologist, and Dr. Boerger, an examining psychologist to whom the Defendant referred the Plaintiff, made unremarkable clinical findings concerning her mental health, which did not appear to support their ultimate opinions that she was significantly limited by her mental impairment. Id. at 4. However, as the Magistrate Judge noted (Doc. #10 at 6-7), Dr. Gibeau diagnosed the Plaintiff as suffering from major depression, without psychotic symptoms, and anxiety disorder. Since the Defendant has failed to explain why the unremarkable clinical findings it has reviewed in its memorandum (Doc. #15 at 4) are inconsistent with that diagnosis, the Court cannot conclude that the Defendant has met his obligation of demonstrating that the ALJ's failure to find that the Plaintiff had a severe mental impairment was substantially justified. Accordingly, the Court concludes that the Plaintiff is entitled to recover attorney's fees under the EAJA and turns to the question of the amount of same.

As is indicated, Plaintiff seeks an award of attorney's fees in the amount of $4,110.70, representing 27.5 hours expended by her counsel to be compensated at the hourly rate of $149.48. In Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990), the Supreme Court noted that, when a private litigant is entitled to an award of attorney's fees under the EAJA, "the district court's task of determining

what fee is reasonable is essentially the same as that described in Hensley [v. Eckerhart, 461 U.S. 424 (1983) ])." Id. at 160.[2] In Hensley, the Supreme Court held that a reasonable award of attorney's fees is to be computed by multiplying the number of hours reasonably expended by a reasonable hourly rate.[3] 461 U.S. at 433.

As to the hourly rate, the EAJA caps that rate at $125.00, unless the court determines that factors such as an increase in the cost of living warrant an increase in that rate. See 28 U.S.C. § 2412(d)(2)(A). Herein, Plaintiff's counsel contends that an increase in the cost of living justifies compensating him at the rate of $149.48 per hour. Counsel has supported that contention by documenting the increase in the cost of living. Given that documentation and, further, since the Defendant has not challenged the request for compensation at $149.48 per hour, this Court finds that figure to be the appropriate hourly rate.

With respect to the issue of the number of hours reasonably expended, the Hensley Court wrote:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private

---

[2]In Jean, the Supreme Court held that a party may recover attorney's fees for the time spent drafting a motion for fees under the EAJA.

[3]The Hensley Court also indicated that other considerations, such as the exceptional or limited nature of the relief obtained, permit a court to increase or to decrease the lodestar figure (i.e., product of reasonable hours and reasonable hourly rate). 461 U.S. at 434. Herein, the neither the Plaintiff nor the Defendant has suggested that the Court increase or decrease the lodestar figure.

> sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Copeland v. Marshall, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

461 U.S. at 434. The party seeking an award of attorney's fees has the burden of proving that the number of hours for which compensation is sought were reasonably expended. Id. at 437. See also, Granzeier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999).

The Defendant has not challenged the amount of time for which attorney's fees have been claimed by Plaintiff. Examining the time records submitted by Plaintiff's counsel, this Court finds that, with one exception, the amount of time claimed for each discrete action by counsel is reasonable and there is no indication of a lack of billing judgment. The exception is comprised of seven separate time entries of one-quarter hour each, for tasks, such as letters to various governmental officials which accompany service, which should have taken less time. It does not appear that Plaintiff's counsel recorded time in less than one-quarter hour increments. This Court concludes that the Plaintiff has failed to meet its burden of demonstrating that those 1.75 hours were reasonably expended to accomplish simple tasks and will reduce the number of hours for which compensation is granted by 1.0, from 27.5 to 26.5. The product of multiplying 26.5 hours by the hourly rate of $149.48 is $3,961.22, the amount of attorney's fees to which Plaintiff is entitled under the EAJA.

II. Costs

Plaintiff states that she is seeking to recover $170.00, as costs, without setting forth the items of costs for which recovery have been sought. Under 42 U.S.C. § 2412(a)(1), a private party, like Plaintiff, who prevails in an action against the United States is entitled to recover costs that she would be entitled to recover against another private party, in accordance with 28 U.S.C. § 1920. Under Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), a District Court can award only those costs that are authorized by § 1920. That statutory provision contains a listing of six categories of items, for which a District Court can award costs to the prevailing party. Although Plaintiff has not stated for what she is seeking to recover costs, the docket sheet reveals that she paid the clerk of courts a filing fee of $150.00 in order to initiate this litigation. Since § 1920(1) expressly authorizes the prevailing party to recover the fees of the clerk, Plaintiff is entitled to recover the sum of $150.00. However, in the absence of any indication from the Plaintiff as to why she is entitled to recover the other $20.00, within one of the compensable categories set forth in § 1920, this Court must deny that aspect of her request for costs. Accordingly, the Court sustains in part and overrules in part Plaintiff's request for costs, concluding that she is entitled to recover $150.00.

Based upon the foregoing, the Court sustains in part and overrules in part Plaintiff's unopposed Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. #14). That motion is sustained to the extent that Plaintiff is awarded

attorney's fees in the sum of $3,961.22, and costs in the sum of $150.00, while being overruled to the extent that she requested a greater sum.

Judgment is to be entered in favor of Plaintiff and against Defendant, awarding the former attorney's fees and costs in the sum of $4,111.22 under the EAJA.

December 29, 2008

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.